UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DAVID EMANUL JONES,**

    Petitioner,

v.                                                        Case No.: 8:20-cv-1441-T-27TGW
                                                                Criminal Case No.: 8:07-cr-9-T-27TGW

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

**ORDER**

**BEFORE THE COURT** are Petitioner Jones' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (cv Dkt. 1), and the United States' Response in Opposition (cv Dkt. 10). Upon review, the § 2255 motion is **DENIED**.

**BACKGROUND**

In 2007, Jones was indicted and charged with conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951 (Count One), Hobbs Act robbery, in violation of 18 U.S.C. §§ 1951 and 2 (Count Two), aiding and abetting a codefendant who used a firearm during the crimes of violence charged in Counts One and Two, resulting in a murder, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), 1111(a), and 2 (Count Three), conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(B)(ii)(II), (b)(1)(C), and 18 U.S.C. § 2 (Counts Four and Five), possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2 (Count Six), aiding and abetting a codefendant who used a firearm during the drug trafficking

1

crimes charged in Counts Four, Five, and Six, resulting in a murder, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), 1111(a), and 2 (Count Seven), and possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) (Count Nine).[1] (cr Dkt. 14).

Jones pleaded guilty to all counts without a plea agreement. (cr Dkts. 113, 121). The factual basis established at his change of plea hearing, as stipulated to by Jones, reflected that he and a codefendant robbed three victims of money and drugs. (cr Dkt. 315 at 24-31). The victims were beaten, and the codefendant fatally shot one of them. (Id. at 25-26). The codefendant tried to shoot the others, but the weapon malfunctioned. (Id.).

Jones was sentenced to a total of 65 years in prison. (cr Dkt. 141 at 2); (cr Dkt. 152 at 62-64). He appealed his sentence, contending that he should have received an offense level reduction for his minor participation in the offense. (cr Dkt. 142); *United States v. Jones*, 317 F. App'x 896 (11th Cir. 2008). The Eleventh Circuit affirmed, finding that Jones "knew of both the robbery plans and the use of guns to complete the robbery at [the] residence," that he "actively assisted" in the robbery, and that he "beat the victims after forcing them to lie on the floor, searched the house, and stole drugs and money." *Jones*, 317 F. App'x at 897.

In this § 2255 motion,[2] Jones raises one "point," contending that "in light of the United States Supreme Court decision in *United States v. Davis* [139 S. Ct. 2319 (2019)], [he] is entitled to vacatur of his conviction and sentences for Counts #3 and #7 of the Indictment." (cv Dkt. 1 at 4). He also contends that against the "backdrop of *Davis*, Count #7 is likewise unconstitutionally

---

[1] Count Eight charged Jones' codefendant with possession of a firearm as a felon. (cr Dkt. 14 at 5).

[2] This is Jones' first motion filed under 28 U.S.C. § 2255. He has filed motions for reductions of sentence, compassionate release, and appointment of counsel, which were denied. (cr Dkts. 301, 303, 306, 307, 308, 309).

vague, as is 18 U.S.C. § 924(j)," and that this court lacked jurisdiction over the offense because the Indictment did not allege that the murder occurred in the United States' "special maritime and territorial jurisdiction." (Id. at 6-7). The United States correctly responds that Jones' claims are procedurally defaulted and, in any event, without merit.[3] (cv Dkt. 10).

## DISCUSSION

In summary, Jones is not entitled to relief because the claims relating to his § 924(c) convictions are procedurally defaulted and without merit. Jones' Hobbs Act robbery offense constitutes a crime of violence to support his § 924(c) conviction on Count Three, and conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, and possession with intent to distribute marijuana constitute drug trafficking crimes to support his § 924(c) conviction on Count Seven. Further, his claims raised independent of *Davis* are untimely and without merit. Specifically, § 924(j) is not unconstitutionally vague, and this court had jurisdiction over his offenses.

***Procedural Default***

As the Eleventh Circuit explains:

> A claim is procedurally defaulted, such that the prisoner cannot raise it in a collateral proceeding, when a defendant could have raised an issue on direct appeal but did not do so. . . . Defendants can avoid the procedural bar by establishing that either of the following exceptions applies: (1) cause and prejudice, or (2) a miscarriage of justice based on actual innocence.

---

[3] As the United States acknowledges, Jones' *Davis* claim is timely since it was raised within one year of the date on which the right asserted was initially recognized by the Supreme Court, and the right was newly recognized and made retroactively applicable to cases on collateral review. S*ee Blackman v. United States*, 805 F. App'x 993, 995 (11th Cir. 2020); (cv Dkt. 10 at 6). An evidentiary hearing is unnecessary to resolve his claims, since the § 2255 motion "and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255(b).

*Hill v. United States*, 569 F. App'x 646, 648 (11th Cir. 2014) (citations omitted). "This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004). Because Jones could have challenged the constitutionality of § 924(c)(3)(B) and the use of his predicate offenses to support his § 924(c) convictions on direct appeal, the claim is defaulted. And Jones does not contend that the default is excused by cause and prejudice or actual innocence. In any event, the stipulated factual basis and qualifying crimes of violence and drug trafficking crimes support the § 924(c) convictions.[4] Accordingly, the procedural default is not excused.

*Davis Claim*

Jones essentially contends that, following *Davis*, his § 924(c) convictions are not supported by qualifying crimes of violence and must therefore be vacated. This contention is without merit.

Section 924(c) makes it a crime to use or carry a firearm during and in relation to, or to possess a firearm in furtherance of, a "crime of violence" or a "drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). An offense qualifies as a "crime of violence" if it is a felony that (A) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause), or (B) "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). In *Davis*, the Supreme Court held that the

---

[4] Jones did not file a reply to the United States' response, which raised procedural default, and the time to file a reply has expired. (cv Dkt. 2 at 2). Even if Jones contended that counsel's ineffective assistance constitutes "cause" to excuse his procedural default, *see Murray v. Carrier*, 477 U.S. 478 (1986), or that his claim under *Davis* was so "novel that its legal basis [was] not reasonably available to counsel," *see Rose v. United States*, 738 F. App'x 617, 626 (11th Cir. 2018) (citations omitted), he has not shown that he suffered prejudice resulting from counsel's failure to raise the claim on appeal. Indeed, the claim is without merit.

4

residual clause is unconstitutionally vague. 139 S. Ct. at 2336. Accordingly, for Jones' § 924(c) conviction on Count Three to be valid, the predicate offense must satisfy the elements clause. To determine whether an offense constitutes a "crime of violence" under the elements clause, courts apply a categorical approach and "look to whether the statutory elements of the predicate offense necessarily require, at a minimum, the threatened or attempted use of force." *Brown v. United States*, 942 F.3d 1069, 1075 (11th Cir. 2019) (citations omitted). "[T]he particular facts of the case are irrelevant because the inquiry begins and ends with the elements of the crime." *Id.*

As to Count Three, the Indictment charged that Jones aided and abetted his codefendant who used a firearm during a crime of violence, specifically the Hobbs Act robbery and conspiracy to commit Hobbs Act robbery charged in Counts One and Two, resulting in a murder, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), 1111(a), and 2. (cr Dkt. 14 at 2-3). He pleaded guilty to the counts. (cr Dkt. 315 at 10-12).

Although conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence," *see Brown*, 942 F.3d at 1075, the Eleventh Circuit has held after *Davis* that Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)'s elements clause.[5] *See United States v. Buckner*, 808 F. App'x 755, 761 (11th Cir. 2020); *see also Smiley v. United States*, 819 F. App'x

---

[5] The Hobbs Act defines robbery as

> [T]he unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1).

850 (11th Cir. 2020) (aiding and abetting Hobbs Act robbery).[6] Accordingly, Jones' § 924(c) conviction on Count Three was supported by a crime of violence.

As for Count Seven, the Indictment charged that Jones aided and abetted the codefendant who used a firearm during a drug trafficking crime, specifically conspiracy to possess with intent to distribute cocaine (Count Four), possession with intent to distribute cocaine (Count Five), and possession with intent to distribute marijuana (Count Six), resulting in a murder, in violation of 18 U.S.C. §§ 924(c)(1)(A), 924(j)(1), 1111(a), and 2. (cr Dkt. 14 at 4-5). Contrary to Jones' assertions, *Davis* does not apply to drug trafficking crimes under § 924(c), and Count Seven was supported by the drug trafficking crimes charged in Counts Four, Five, and Six to which Jones pleaded guilty. (cv Dkt. 1 at 5-6); *In re Navarro*, 931 F.3d 1298, 1302 (11th Cir. 2019) (finding that conspiracy to distribute and possess with intent to distribute cocaine and attempted possession with intent to distribute cocaine constitute drug trafficking crimes); *see also Donjoie v. United States*, 806 F. App'x 934, 935 (11th Cir. 2020). Accordingly, Jones' § 924(c) conviction on Count Seven was supported by drug trafficking crimes.

In summary, because Jones' § 924(c) convictions were supported by qualifying crimes of violence and drug trafficking crimes, and he has not shown that the validity of the convictions turns on the residual clause, he is not entitled to relief on his *Davis* claim.

---

[6] Jones incorrectly asserts that "[t]he Supreme Court held that the elements clause of 18 U.S.C. § 924(c) is unconstitutionally vague." (cv Dkt. 1 at 4). And the cases he relies on are distinguishable. *See United States v. Lewis*, 800 F. App'x 877 (11th Cir. 2020) (violation of 18 U.S.C. § 1591(a) not a crime of violence); *United States v. Eason*, 953 F.3d 1184 (11th Cir. 2020) (Hobbs Act robbery does not satisfy elements clause under U.S.S.G. § 4B1.2(a)); *Belizaire v. United States*, 784 F. App'x 755 (11th Cir. 2019) (case remanded for determination of whether conspiracy to commit Hobbs Act robbery constitutes a crime of violence).

*Challenge to § 924(j) Conviction*

Jones contends that his § 924(j) conviction on Count Seven is "unconstitutionally vague." (cv Dkt. 1 at 6). He reasons that "[a]lthough Count #7 purports to charge a use of a firearm in a drug trafficking offense, the essence of the charge is essentially that of a crime of violence, i.e., murder," and that "[t]he Eleventh Circuit has held that in order for a Federal court to have jurisdiction over a murder, it must occur within the special maritime and territorial jurisdiction of the United States. . . . [W]ithout a homicide occurring within the special maritime and territorial jurisdiction, Federal court has no power to exercise jurisdiction over that offense." (Id. at 5-7 (citations omitted)). He explains that

> 18 U.S.C. § 924(j) specifically incorporates § 924(c), including the unconstitutional portions. As such, it is derivatively unconstitutional. Without an allegation that the murder alleged in the Indictment occurred within the special maritime and territorial jurisdiction of the United States, the District Court is left with a common homicide offense under Florida state law. Thus, the crime alleged for form the underlying basis of Count #7 is a "crime of violence" under Florida law – the same type of offense that the *Davis* Court held was unconstitutionally vague.

(Id. at 7). These contentions are without merit.

First, to the extent Jones raises a claim independent of *Davis*, the claim is due to be denied as untimely.[7] *See Williams v. United States*, 383 F. App'x 927, 929 (11th Cir. 2010) (finding that § 2255's one-year statute of limitations "applies even though [a] new claim is an attack on the

---

[7] Jones' judgment of conviction became final more than one year prior to the filing of his § 2255 motion, and he does not contend that the one-year limitations period started after that date. 28 U.S.C. § 2255(f). Nor has he established a basis to toll the limitations period.

Although the United States contends that Jones' jurisdictional challenge is also procedurally defaulted, "a jurisdictional defect cannot be waived or procedurally defaulted and . . . a defendant need not show cause and prejudice to justify his failure to raise one." *Howard v. United States*, 374 F.3d 1068, 1071 (11th Cir. 2004); (cv Dkt. 10 at 19).

district court's jurisdiction"); *Beeman v. United States*, 871 F.3d 1215, 1219 (11th Cir. 2017) (noting that the statute of limitations "requires a claim-by-claim approach to determine timeliness"). And contrary to Jones' assertions, this court had jurisdiction over his offense.

Indeed, 18 U.S.C. § 3231 gives district courts subject matter jurisdiction over "all offenses against the laws of the United States," and an indictment that charges a federal crime establishes the district court's jurisdiction. *Alikhani v. United States*, 200 F.3d 732, 734-35 (11th Cir. 2000). Here, Count Seven charged a violation of 18 U.S.C. §§ 924(c)(1)(A), 1111(a), 2, and § 924(j)(1), which provides that a "person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm, shall . . . if the killing is a murder (as defined in section 1111), be punished by death or by imprisonment for any term of years or for life . . . ." *See also United States v. Julian*, 633 F.3d 1250 (11th Cir. 2011). Section 1111 defines murder as "the unlawful killing of a human being with malice aforethought." 18 U.S.C. § 1111(a).

Independent of subsection (a), § 1111(b) provides that "[w]ithin the special maritime and territorial jurisdiction of the United States, [w]hoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life [and w]hoever is guilty of murder in the second degree, shall be imprisoned for any term of years or for life." However, Jones provides no authority in support of his contention that § 924(j) is "unconstitutionally vague," or that this court lacked jurisdiction over the § 924(j) offense because the murder did not occur within the "special maritime and territorial jurisdiction of the United States." (cv Dkt. 1 at 6-7). Rather, courts have rejected this contention. *See, e.g.*, *United States v. Young*, 248 F.3d 260, 274-75 (4th Cir. 2001) (noting that § 924(j)(1) "incorporates only the definition of murder" in § 1111(a), not the jurisdictional basis in § 1111(b)); *United States v. Lee*, 660 F. App'x 8, 16-17 (2d Cir. 2016) ("[Section] 924(j) sets

forth its own independent jurisdictional basis by incorporating 18 U.S.C. § 924(c), which covers the commission of 'any crime of violence or drug trafficking crime . . . for which [a] person may be prosecuted in a court of the United States.'").

The reasoning of these courts is persuasive. Indeed, because Jones' Indictment charged a federal crime, specifically a violation of 18 U.S.C. § 924(j)(1), this court had jurisdiction over the offense. Further, Jones pleaded guilty to the crime, which was supported by the stipulated factual basis. (cr Dkt. 315 at 14-15). And he cites no authority in support of his contention that a "common homicide offense" is the "same type of offense that the *Davis* Court held was unconstitutionally vague." (cv Dkt. 1 at 7). Rather, Count Seven was supported by the drug trafficking crimes charged in Counts Four, Five, and Six. In summary, Jones is not entitled to relief on this claim.[8]

---

[8] Jones cites *United States v. Wilkerson*, 361 F.3d 717 (2d Cir. 2004), and *United States v. Medina*, 32 F.3d 40 (2d Cir. 1994), for the proposition that a defendant "cannot be convicted as an aider and abettor under [18 U.S.C.] § 924(c) merely because he knew that a firearm would be used or carried and, with that knowledge, performed an act to facilitate or encourage the robbery itself," and that "mere knowledge that a gun would be used was legally insufficient to prove aiding and abetting its use." (cv Dkt. 1 at 5). However, he does not explain how this relates to his conviction on Count Seven. *See Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (noting that unsupported, conclusory allegations are insufficient). In any event, the Second Circuit acknowledged that the "Supreme Court rejected [*Medina*'s] interpretation of § 924(c)" in *Rosemond v. United States*, 572 U.S. 65 (2014), concluding that "an individual could aid and abet a § 924(c) violation 'by facilitating either [the predicate offense] . . . or the firearm use (or of course both).'" *United States v. Delgado*, 972 F.3d 63, 77 n.10 (2d Cir. 2020), *as amended* (Sept. 1, 2020) (citations omitted).

To the extent Jones contends that his § 924(c) convictions were not supported by evidence that he knew a firearm would be used during the underlying crime, his claim is without merit. First, the claim is untimely since it was not raised within one year of when the Supreme Court initially recognized such a claim in *Rosemond*. *See Steiner v. United States*, 940 F.3d 1282, 1290-91 (11th Cir. 2019) (noting that *Rosemond* announced a new substantive rule which applies retroactively to cases on collateral review); *Dodd v. United States*, 545 U.S. 353, 358-59 (2005) ("Thus, if this Court decides a case recognizing a new right, a federal prisoner seeking to assert that right will have one year from this Court's decision within which to file his § 2255 motion."). Second, at his change of plea hearing, Jones did not dispute the factual basis established by the United States reflecting that he and his codefendant entered the residence "intending to rob the occupants of both money and drugs," and that the codefendant was "armed with [a] firearm[] when they entered the residence." (cr Dkt. 315 at 24-25, 28-29); *see also Jones*, 317 F. App'x at 897 (finding that "Jones knew of both the robbery plans and the use of guns to complete the robbery at [the] residence").

9

*Certificate of Appealability ("COA")*

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right," which requires Jones to demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (discussing standard for procedural rulings). I find that jurists of reason could not disagree with the resolution of Jones' constitutional claims or the procedural rulings, or conclude that the issues presented are adequate to deserve encouragement to proceed further. Because he has not met the required standard, he is not entitled to a COA and cannot appeal *in forma pauperis*.

## CONCLUSION

Petitioner Jones' § 2255 motion is **DENIED** (cv Dkt. 1). The Clerk is directed to enter judgment in the United States' favor and against Jones, and to **CLOSE** this case.

**DONE AND ORDERED** this 9th day of November, 2020.

*/s/ James D. Whittemore*

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record