UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID EMANUL JONES,

    Petitioner,

v.

                                                  Case No.: 8:20-cv-1441-T-27TGW
                                      Criminal Case No.: 8:07-cr-9-T-27TGW

UNITED STATES OF AMERICA,

    Respondent.

_____/

## ORDER

**BEFORE THE COURT** is Petitioner Jones' "Notice of Appeal Filed Untimely and Motion for a Telephonic Hearing on Reason Why Notice of Appeal Is Being Filed Untimely." (cv Dkt. 13). No response is necessary. The motion for a hearing is due to be **DENIED**.

On November 9, 2020, this Court denied Jones' § 2255 motion and declined to issue a certificate of appealability (COA).[1] (cv Dkt. 11 at 10). Judgment was entered on November 10, 2020. (cv Dkt. 12). On February 22, 2021, Jones filed his notice of appeal and motion for a hearing, which were entered on the docket on March 9, 2021.[2] (cv Dkts. 13, 14). The initial appeal package has been transmitted to the Eleventh Circuit Court of Appeals. (cv Dkt. 15).

As to his motion, Jones asserts that following the denial of his § 2255 motion, he and his family members attempted to contact counsel to request him to file a notice of appeal, but they

---

[1] Accordingly, to the extent the notice is construed as an application for a COA from the district court, it is due to be denied. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003); *Slack v. McDaniel*, 529 U.S. 473 (2000).

[2] Although Jones dated the notice and motion on February 22, 2021, he does not declare when the document was delivered to prison authorities for mailing. (cv Dkt. 13 at 3); (cv Dkt. 13-1); *see Daniels v. United States*, 809 F.3d 588, 589-90 (11th Cir. 2015).

1

were unsuccessful. (cv Dkt. 13 at 1-3). Based on counsel's failure to file a notice of appeal, Jones "move[s] the Court to allow [him] to file this notice of appeal out of time," and alternatively requests a "hearing where [he] and [his] family can provide . . . evidence and testimony pertaining to [counsel's] abandonment of [his] case after being paid in full." (Id. at 1, 4).

To the extent Jones seeks an extension of time to file a notice of appeal, the motion is due to be denied. Under Rule 4(a)(5) of the Federal Rules of Appellate Procedure,

> (A) The district court may extend the time to file a notice of appeal if:
> (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Because the United States is a party to the action, Rule 4(a) required Jones to file his notice of appeal within 60 days after the entry of the judgment or order that he wished to appeal. Fed. R. App. P. 4(a)(1)(B)(i); *see also Jester v. United States*, 714 F.2d 97, 98 (11th Cir. 1983). Jones did not file his motion within 30 days of that date. *See Green v. United States*, 249 F. App'x 107, 109 (11th Cir. 2007) (affirming district court's denial of motion to extend deadline to file notice of appeal in § 2255 proceeding); *see also United States v. Masilotti*, 495 F. App'x 975, 980 (11th Cir. 2012) (finding no remand necessary where district court ruled on motion for extension of time while appeal was pending). Accordingly, he does not satisfy Rule 4(a)(5), and a hearing is unnecessary. Jones' motion (cv Dkt. 13) is **DENIED.**

**DONE AND ORDERED** this _11ᵗᴴ_ day of March, 2021.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to: Petitioner, Counsel of Record

2